NORTON **v.** HARTFORD et al. HARTFORD **v.** NORTON et al. (Circuit Court, S. D. New York. January 2, 1902.) In Equity. On motion for preliminary injunction. John J. Crawford and T. S. Ormeston, for the motion. John W. Griggs and Edward P. Brown, opposed.

LACOMBE, Circuit Judge. The plaintiff in the second suit may take an injunction pendente lite as prayed, provided he will file security in the amount of $150,000, conditioned that he will pay whatever may be found due from him to the estate of George F. Gilman, with leave to the defendants to move to have the security increased, if the cause be not submitted to the court on final hearing during the year 1902, by reason of any delay on the part of complainant. If such security be given, and injunction order taken, the motion for a receiver in the first suit will be denied. If said Hartford elects not to give such security, the motion for injunction in the second suit will be denied, and the court will, in the first suit, appoint George H. Hartford and another person, to be selected by the court, joint receivers as prayed.

---

SHADBOLT **v.** LIBBY. (Circuit Court, S. D. New York. December 19, 1901.) William C. Prime, for the motion. George F. Canfield, opposed.

HAZEL, District Judge. The evidence in this case afforded no logical basis for the verdict of $3,000, rendered in favor of the plaintiff. It indicates that the jury found that plaintiff was authorized to make the contract, and that but for the failure of the defendants to accept the contract, which they had authorized the plaintiff as their agent to negotiate, the contract would have been consummated by the purchasers, but that the purchasers would only have paid the sum of $15,000 thereon, whereas the contract called for a cash payment of $60,000. There is no reasonable basis for the finding that only $15,000 of the $60,000 would have been paid. It follows, therefore, that the damages awarded are inadequate, and for that reason the verdict must be set aside, with costs to abide the event.